1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| LYNETTE BLACK and SCOTT BLACK, Husband and Wife, | CASE NO. CIV-F-03-5318 OWW DLB |
| Plaintiffs, | **ORDER re** |
| vs. | **MOTIONS IN LIMINE** |
| MEMORIAL HOSPITALS ASSOCIATION dba MEMORIAL HOSPITAL CENTER, a Sutter Health Associate; MODESTO ARTS MEDICAL GROUP, INC.; JOHN C. PFEFFER, M.D.; JENNIE CURRIE, CNM; and SHERILYN GIBBS, CNM, | HEARING:    November 1, 2005 |
| Defendants. | |

The foregoing Motion in Limine by Plaintiffs has been presented to me. Upon all files and proceedings herein, the separate paragraphs of the Motion are hereby granted, or denied as I have indicated immediately below each of the paragraphs in the Motion.

The attorney(s) for the Defendant(s) is instructed:

a. Not to interrogate witnesses concerning the prohibited items, or to mention to the jury in any manner those items, without Defendant's attorney first obtaining permission outside the presence and hearing of the jury; and

b. To personally admonish the Defendant and Defendant's witnesses to refrain from mentioning to the jury in any manner the prohibited items, without Defendant's attorney first obtaining permission outside the presence and hearing of the jury.

Page 1                                                                CHOATE LAW FIRM

*Black v. Memorial Hospitals Assn, et al.*                                     424 N. Franklin Street
Case No.: CIV-F-03-5318 OWW DLB                                              Juneau, AK 99801
                                                                    Tel: (907) 586-4490
                                                                    Fax: (907) 586-6633

1.

Any reference to the time or circumstances under which Plaintiff employed attorneys or any reference to other attorneys employed by Plaintiff but not involved in this trial.

**GRANTED**

2.

Any reference to the qualifications or alleged expertise of any of the attorneys.

**GRANTED**

3.

Any reference to the extent to which the Plaintiff's attorneys specialize in personal injury cases, or to the fact that any medical services provider has provided services to other clients represented by Plaintiff's attorneys.

**GRANTED in part; but denied as to the ability of either side's attorneys to question witnesses concerning their relationship with a party or an attorney, the extent and limits of their compensation and any other issues that might be bear on the issue of bias.**

4.

Any reference that the Plaintiff has not called to testify any witness equally available by subpoena to both parties in this cause; and any reference or suggestion to the jury by argument or otherwise what would have been the testimony of any witness not actually called.

**RESERVED in part; but GRANTED in that no argument or questions will be allowed that are not asked in good faith and based on evidence in the case.**

5.

Unless the report is otherwise admitted into evidence as an exhibit (for example, as a medical record), any reference to any expert report or opinion of any person not then and there present in Court to testify and to be cross-examined.

**DENIED without prejudice.**

6.

Any demands or requests by Defendant's counsel before the jury for matters found or contained within files of the Plaintiff or of Plaintiff's attorney (which would include papers of the Plaintiff, letters, pleadings, photographs, and all other documents or tangible items.)

**DENIED in the present form, without prejudice.**

7.

Any reference to settlement negotiations which have been undertaken between Plaintiff and Defendant.

**GRANTED**

Page 2                                                                                           CHOATE LAW FIRM

*Black v. Memorial Hospitals Assn, et al.*                                        424 N. Franklin Street
Case No.: CIV-F-03-5318 OWW DLB                                        Juneau, AK 99801
                                                                                           Tel: (907) 586-4490
                                                                                           Fax: (907) 586-6633

8.

Any reference by Defendant's counsel to the fact that this motion has been filed, or any ruling by the Court has been made in response to this motion, suggesting or inferring to the jury that Plaintiff has moved to prohibit proof or that the Court has excluded proof on any particular matter.

**GRANTED with reciprocity.**

9.

Any request in front of the jury to Plaintiff's attorneys to stipulate to the admissibility of any evidence or stipulate to any facts or matters.

**GRANTED**

10.

Any reference to any alleged alcohol drinking or drug habits of the Plaintiff before the date of injury which is the subject matter of the litigation. Such reference is improper. *McCarty v. Gappelberg*, 273 S.W.2d 943 (Ft Worth 1954).

**DENIED subject to material and relevance limitations.**

11.

Any reference to use of alcohol or drugs by the plaintiff on the day of the injury in question.

**DENIED without prejudice.**

12.

Any reference that Plaintiff has received, has been entitled to receive, will receive, or will become entitled to receive benefits of any kind or character from a collateral source.

**DENIED**

13.

Any reference that any recovery by the Plaintiff either would or would not be subject to federal income tax or taxation. *Katy Railroad v. Perrin*, 291 S.W.2d 93.

**GRANTED**

14.

Any reference to the effect or results of a claim, suit, or judgment upon insurance rates, premiums, or charges, either generally or as particularly applied to the parties in question as a result of this or any other lawsuit.

**GRANTED**

Page 3                                                                                               CHOATE LAW FIRM

*Black v. Memorial Hospitals Assn, et al.*                                           424 N. Franklin Street
Case No.: CIV-F-03-5318 OWW DLB                                                Juneau, AK 99801
                                                                                              Tel: (907) 586-4490
                                                                                              Fax: (907) 586-6633

15.

Any reference to any <u>prior injury</u>, physical or mental condition or illness that may have been suffered by Plaintiff, unless the Defendant can show outside of the presence of the injury that the prior injury, physical or mental condition or illness contributed to the physical or mental impairment of Plaintiff claimed by Plaintiff in this case.

**Tentative decision to Deny.**

16.

Any reference to Plaintiff having been involved in any other <u>accidents prior</u> to the accident in litigation, or that he suffered other accidental injury prior to the accident in litigation.

**GRANTED**

17.

Any reference to any other <u>claims or lawsuits</u> (or to the settlements or judgments made therein) in which Plaintiff or Plaintiff's spouse has been involved, prior to or subsequent to the incident made the basis of this lawsuit, whether the claim or suit arose out of this incident or some other.

**GRANTED**

18.

Any reference to any <u>subsequent</u> injury, physical or mental condition or illness that may have been suffered by Plaintiff, unless the Defendant can show outside of the presence of the injury that the subsequent injury, physical or mental condition or illness contributed to the physical or mental impairment of Plaintiff claimed by Plaintiff in this case.

**GRANTED**

19.

Any reference that the Plaintiff has been accused of, or was found guilty of, any misconduct, traffic offenses, or criminal conviction.

**GRANTED**

20.

Any video taped depositions, or deposition transcript, of witnesses not present in Court unless and until: Defendant's counsel outside the presence and hearing of the jury, has notified the Court and the counsel for the Plaintiff of the specific deposition and portions thereof intended to be placed into evidence. Plaintiff's counsel shall then outside the presence and hearing of the jury make any objections. If only portions of a deposition or video are to be used by Defendant, then such notification is to be in sufficient time so that the Plaintiff's counsel may (1) view the edited video or transcript portions, and (2) make objections to those specific portions which should be excised and not shown or read to the jury, and also (3) prepare those portions of the depositions which Plaintiff wants to introduce for optional completeness.

**GRANTED with reciprocity**.

Page 4                                          CHOATE LAW FIRM

*Black v. Memorial Hospitals Assn, et al.*                            424 N. Franklin Street
Case No.: CIV-F-03-5318 OWW DLB                                       Juneau, AK 99801
                                                                      Tel: (907) 586-4490
                                                                      Fax: (907) 586-6633

21.

Defendant's counsel shall be instructed not to call witnesses, either expert or lay witnesses, other than those persons previously disclosed in answers to interrogatories or in mandatory pretrial disclosures. The use of additional witnesses after the filing of this motion would constitute unfair surprise, and the Plaintiff should not be allowed to call such witnesses.

**GRANTED**

22.

Defendant's experts shall not be allowed to testify as to any opinion on subjects not previously expressed in their reports or in the deposition of such expert, if a deposition has been taken. In that connection,.

**GRANTED**

23.

That employees of the Defendant who have not been designated as expert witnesses be precluded from expressing any expert opinions including opinions regarding existence, or lack, of care or negligence, operations of Defendant's business, custom in the industry involved, or medical opinions.

**GRANTED**

24.

Any use or reference to any documents, photographs, or any other tangible thing not previously timely disclosed in response, or supplementary response, to Plaintiff's interrogatories or requests for production.

**GRANTED**

25.

Any reference to, or show to the jury of, any proposed exhibit, unless the same previously has been exhibited to Plaintiff's counsel to determine its relevancy and objections to admissibility.

**GRANTED**

26.

Any reference to moving traffic violations, or lack of such, prior to the occurrence in question; or any receipt or nonreceipt of a traffic ticket o citation involving the occurrence in question.

**GRANTED**

27.

Any reference to prior marriages, to prior marital difficulties or to prior controversies regarding children of the Plaintiff.

**Tentative ruling is to Deny.**

28.

Any reference or question in regard to:

Page 5                                                              CHOATE LAW FIRM

*Black v. Memorial Hospitals Assn, et al.*                          424 N. Franklin Street
Case No.: CIV-F-03-5318 OWW DLB                                     Juneau, AK 99801
                                                                    Tel: (907) 586-4490
                                                                    Fax: (907) 586-6633

a. The witness's or party's past conduct or past marital status, or that the witness or party has been accused of, or found guilty of any misconduct.   **GRANTED with reciprocity.**

b. A witness's personal experience in, or actions taken in, any similar accidents or emergencies. **DENIED**.

c. On whose advice the witness or party saw any person to seek professional aid or services. **DENIED**

d. Whether the witness or party would believe or not believe any other witness or party.

**GRANTED in part.  No witness is to comment by opinion on the credibility of another witness.  A witness may state why that witness relies on the testimony of one witness as opposed to another, stating the reasons, but shall not give any opinion on who is the more truthful or believable.**

29.

Any reference to contents of any pleading of Plaintiff which has been superseded by the current pleading.
**WITHDRAWN**

30

Any questions whether one witness would believe another witness, or any testimony by any witnesses as to the credibility of any other witnesses, for the reason that it is not competent evidence, is irrelevant and is prejudicial. *United States v. Azure*, 801 F.2d 336 (8th Cir. 1986).
**GRANTED in part, subject to strictures described above.**

31

Any reference or questions regarding plaintiff Lynette Black's overusage of Stadol or other narcotic drugs at any time.
**GRANTED in part, but it will be as it was necessary and appropriate for medical treatment and diagnosis, it is admissible.**

32

Any reference or questions regarding plaintiffs' complaints against Memorial Hospital Center, its doctors and nurses which have been dismissed by agreement of the parties.
**DENIED**

33

Any reference or questions as to whether Memorial Hospital Center, its doctos and/or nurses met the applicable standard of care beyond questions to plaintiff's expert, Richard Luciani, M.D.
**DENIED**

34

Any reference or questions that plaintiff Lynette Black was a "difficult" patient becaue of her personality as opposed to her medical condition.
**DENIED  without prejudice**.

Page 6                                                                                                              CHOATE LAW FIRM

*Black v. Memorial Hospitals Assn, et al.*                                                      424 N. Franklin Street
Case No.: CIV-F-03-5318 OWW DLB                                                          Juneau, AK 99801
                                                                                                                        Tel: (907) 586-4490
                                                                                                                        Fax: (907) 586-6633

35

Any reference or questions as to whether plaintiff Scott Black may have participated in the care or treatment of Lynette Black or may have caused or been a possible cause of her infection.

**DENIED without prejudice.**

36

Any reference or questions as to whether plaintiffs have generally failed to mitigate their damages.

**DENIED if not listed in the Pre-Trial Order.  Reserved as to future issues.**

37

Any reference or questions as to whether plaintiff Lynette Black has been noncompliant with doctors/nurses' instructions and orders.

**DENIED**

38

Any reference or question as to whether Lynette Black is failing to use best efforts in her pain management or is in any fashion, not motivated to improve her pain management.

**DENIED**

Dated: 11/2/2005

/s/ OLIVER WANGER
Oliver W. Wanger
Judge U.S. District Court

Page 7                                                                                       CHOATE LAW FIRM

*Black v. Memorial Hospitals Assn, et al.*                                           424 N. Franklin Street
Case No.: CIV-F-03-5318 OWW DLB                                                Juneau, AK 99801
                                                                                                    Tel: (907) 586-4490
                                                                                                    Fax: (907) 586-6633